# A. B. Cook

## v.

# J. B. Truesdell.

*Artesian Well—Contract to Sink—Evidence.*

In an action to recover a balance claimed to be due the plaintiff on a contract for sinking an artesian well, this court holds that the evidence, although conflicting, sustains the verdict for the plaintiff.

[Opinion filed June 20, 1887.]

Appeal from the Circuit Court of Lake County; the Hon. C. W. Upton, Judge, presiding.

Messrs. Whitney & Upton and Cook & Upton, for appellant.

Mr. Charles T. Backus, for appellee.

*Per Curiam.* This suit was originally commenced before a Justice of the Peace by appellee and appealed to the Circuit Court, and there tried by a jury, resulting in a verdict of $20 in his favor, and judgment was thereon rendered.

To reverse the judgment this appeal is taken. It appears that the action is based on a contract between the parties, whereby appellee was to sink and tube for appellant, in Libertyville Township, an artesian well on the latter's farm, to produce a flowage of at least two feet of water above the surface of the ground.

Appellant was to pay therefor the sum of $1.25 per foot for the first 100 feet, $1.75 per foot for every additional foot over that, the payments to be made as the work progressed, at the rate of $40 for every fifty feet until the depth of 100 feet was reached, and thereafter at the rate of $65 for every additional fifty feet sunk, and appellee guaranteed a fulfillment of the contract before the balance should become due; and when the

contract was fulfilled then the balance should be paid. The well was sunk to a depth of about 230 feet, and a flow of water secured to within two feet of the top. The appellee quit and delayed the work somewhat, commencing in October, 1885, and quitting in January, 1886, and did not return till in May, but did not stay long at that time. In the meantime appellant had declared the contract forfeited, but from what was done afterward, it appears that such right of forfeiture, if it existed, was waived by him, and he allowed the work to proceed. On the 25th of June, 1886, the appellee having taken in a partner, one Van Horn, went back, with appellant's consent, to finish the well; set up their engine and worked that day and found an obstruction in the tube of the well near the bottom, apparently of iron, or so hard a substance that the drill would not penetrate it. It became a question with appellee whether he could finish the well on account of the obstruction, and appellant told him he thought he, appellee, had better keep on with the work. The next day the appellant got to thinking over the matter, and being apprehensive lest he might be held to pay for the work in a different manner than was provided for under the original contract, wrote and sent to appellee two different letters, one from Libertyville and one from Chicago, clearly stating to him that if he went on with the work it must be under the original contract. The appellee and Van Horn immediately telegraphed appellant these words: "Work is stopped by letter you sent."

It is insisted by the appellee that the evidence justified the jury in finding that the appellant placed or caused the obstruction to be put into the well himself, after appellee had left it in May, and before his return in June. It is insisted by the appellant's counsel that the work was not abandoned on that account, but because of the letter, as shown by the telegram.

This position is not tenable and the telegram is not inconsistent with appellee's claim. The letter informed them that if they kept on with the work it must be done under the contract, and finding the obstruction in the tube so great that they could not finish the work, and believing that appellant was responsible for it, their telegram was natural, and if the

belief as to the appellant's responsibility for the obstruction was well founded, justifiable. We see no inconsistency between the telegram and the contention of appellee on the trial.

We think that while the evidence is somewhat conflicting, it is sufficient to justify the jury in finding that the appellant was responsible for the obstruction being in the well.

The appellant admits that on the 19th of June he and his servant, Burk, removed the pipe that was left screwed on the top of the tube by appellee when he quit the well, to prevent anything from getting into it, and sounded down the pipe with a piece of iron fastened to a string, and also tried to sink a lead plumb down the tube, also attached to a string, and there was evidence tending to show, which the jury was justified in believing, that he had made contradictory statements from those he testified to and had even denied meddling with the pipe at all.

Without undertaking to canvass the entire evidence, we are satisfied that the jury were justified in finding, that in some way, appellant got the iron in the well while attempting to sound it.

If he did this and thereby the appellee was prevented from finishing the contract, the verdict was right. The jury might have even found the entire amount kept back on the contract, $158, instead of $20. The appellee is not here complaining of the amount of the verdict, and the question of the amount is not involved in this court.

The judgment is therefore affirmed.

*Judgment affirmed.*